

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| COREY DEWAYNE WOODARD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:12-CV-195-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Corey Dewayne Woodard, a state prisoner currently incarcerated in Bonham, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed on exhaustion grounds.

### I. FACTUAL AND PROCEDURAL HISTORY

The state court records and documentary evidence presented by the parties reflect that petitioner is serving a 10-year sentence for his 2010 conviction for aggravated robbery with a

deadly weapon in Tarrant County, Texas, Case No. 1147513D, and a concurrent 20-year sentence for his 2011 conviction for possession of a controlled substance in Johnson County, Texas. (Resp't Ans., Exs. A & B) At issue in this proceeding, is petitioner's 2010 Tarrant County conviction in Case No. 1147513D. Petitioner did not directly appeal the conviction, however he has filed a state habeas application challenging the conviction, which remains pending in the trial court at this time. (*Id.* at 3 n.3 & Exs. C & D) This federal petition challenging his state court conviction is deemed filed on March 27, 2012.[1]

## II. RULE 5 STATEMENT

Respondent maintains that petitioner's claims have not been properly exhausted in the state courts as required by 28 U.S.C. § 2254(b) and (c), and seeks dismissal of the petition on exhaustion grounds or denial of the petition on the merits. (*Id.* at 10)

## III. EXHAUSTION OF REMEDIES IN STATE COURT

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting

---

[1] A pro se habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

federal collateral relief. 28 U.S.C. § 2254(b)(1), (c); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1), (c).

A Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or, as in this case, a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th

3

Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995).

This court's written communication with the Tarrant County Clerk's Office substantiates Thaler's assertion that petitioner has not exhausted his state court remedies with respect to his claims presented in this federal petition. (Resp't Ans, Ex. C) Petitioner's state habeas action remains pending in the trial court at this time. Consequently, the state's highest court has not been afforded a fair opportunity to consider and rule on the merits of one or more of petitioner's claims. To the extent his claims have not yet been considered by the Texas Court of Criminal Appeals, the claims are unexhausted for purposes of federal habeas review.

Petitioner must first pursue his state habeas corpus remedy through completion before seeking relief under § 2254. Absent a showing that state remedies are inadequate or ineffective, such showing not having been demonstrated by petitioner, he cannot now proceed in federal court in habeas corpus. Accordingly, dismissal of this petition for lack of exhaustion is warranted so that petitioner can fully exhaust his state court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.

For the reasons discussed herein,

The court ORDERS that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice on exhaustion grounds, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.[2]

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED July 5, 2012.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

---

[2] U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, subject to applicable tolling. See 28 U.S.C. § 2244(d)(1)-(2).